UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14195-Cannon/McCabe

KEVIN DOUGHERTY,

      Plaintiff,

v.

JOHN TOTSCH, an individual; RICHARD TOTSCH,
an individual; TERRY RICHARS, an individual;
MUELLER PROST, PC a Missouri professional
corporation; WIPFLI FINANCIAL ADVISORS, LLP,
a Wisconsin limited liability partnership; GRANT
COLE CPA, LLC, a Missouri limited liability company;
SHORT TERM LENDING SOLUTIONS, LLC, a
Missouri limited liability company; CURTIS NEAL
FOSTER, an individual; INTENSE FISHING, LLC, an
Alabama limited liability company; FOSTER'S
MARINE, LLC, an Alabama limited liability company;
and RUBICON PRODUCTS LLC, a Missouri limited
liability company,

      Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE came before the Court on Defendants' Motion to Dismiss the Amended
Complaint ("Motion"), which was referred to the undersigned by United States District Judge
Aileen M. Cannon.   (DE 92, DE 93).   For the reasons set forth below, the undersigned
**RECOMMENDS** that the Motion be **GRANTED** and that this case be dismissed without
prejudice for lack of subject matter jurisdiction.

## I.   BACKGROUND

This is a business litigation dispute brought by Plaintiff Kevin Dougherty against, among
other Defendants, Rubicon Products, LLC ("Rubicon"), a Missouri limited liability company.  On
July 5, 2024, Defendants filed this Motion challenging, among other things, this Court's subject

matter jurisdiction to hear this case.  (DE 92).  Specifically, Defendants argue that complete diversity of citizenship does not exist because the Plaintiff, a citizen of Florida, is also a member of Rubicon.  (DE 92 at 3).

On July 17, 2024, the Court issued a paperless order advising the parties that it viewed the Motion as raising a factual attack, not a facial attack, on subject matter jurisdiction.  (DE 98). Accordingly, the Court set an evidentiary hearing on the Motion and announced its intent to consider matters outside the pleadings to resolve the issue of subject matter jurisdiction in accord with *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  (DE 98).  The evidentiary hearing took place on August 1, 2024.  (DE 102).

## II.    DISCUSSION

Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (cleaned up) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868).

In this case, Plaintiff relies on diversity of citizenship to establish subject matter jurisdiction.  (DE 91 ¶ 12).  Diversity jurisdiction exists in suits between "citizens of different States."  28 U.S.C. 1332(a)(1).  "The diversity statute requires complete diversity between all plaintiffs and all defendants, meaning that each defendant must be a citizen of a different state

from each plaintiff." *Bal Harbour Shops, LLC v. Saks Fifth Avenue LLC*, 645 F.Supp.3d 1321, 1324 (S.D. Fla. 2022) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

For diversity purposes, a limited liability company is deemed to be a citizen of every state in which its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). Accordingly, when a plaintiff sues a limited liability company of which he is also a member, diversity of citizenship cannot exist. *See Cruz v. OK2 Constr., LLC*, No. 22-CV-24199, 2022 WL 17977187, at *3 (S.D. Fla. Dec. 28, 2022) ("Plaintiff has alleged that he is a member of [Defendant LLC]. Therefore, notwithstanding any amendment, the requirement of complete diversity may never be satisfied.").

Here, Plaintiff is a natural person who resides in Florida. (DE 91 ¶ 1). For diversity purpose, a natural person is a "citizen" of the state in which he is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Id.* at 1257–58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). During oral argument on this Motion, Plaintiff's counsel conceded that Plaintiff was a citizen of Florida when he filed suit. The Court therefore finds Plaintiff to be a citizen of Florida for purposes of diversity jurisdiction.

The Court has reviewed the record and also finds that Plaintiff was a member of Rubicon from the time of its founding up to the present. The Court bases its conclusion upon the following record evidence:

- Plaintiff filed a declaration attesting that, "I am a member of Rubicon Products, LLC and have been since its formation." (DE 45-1 ¶ 4).

- Plaintiff filed another declaration attesting that, "I am a founding member of Rubicon Products, LLC ('Rubicon') and have been a member of Rubicon since its formation in 2014," and that, "My membership interest in Rubicon has never been transferred to any other person or entity." (DE 100-1 ¶¶ 2, 4).

- Defendants agree Plaintiff is a current member of Rubicon. (DE 101-1 ¶ 3; DE 101 at 2).

Because Plaintiff has sued a limited liability company of which he is also a member, complete diversity cannot exist as a matter of law. *See Wall v. Moultrie*, No. 2:11-cv-1050, 2011 WL 6182426, at *1–2 (M.D. Ala. Dec. 12, 2011) (diversity jurisdiction cannot exist in suit between LLC and its own member). Since diversity does not exist, this Court does not have subject matter jurisdiction. When a federal court lacks subject-matter jurisdiction, it must dismiss the action.

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Put another way, "[i]f a court lacks subject matter jurisdiction, it also lacks the power to dismiss the complaint with prejudice as an adjudication on the merits." *LaFleur v. State Univ. Sys. of Fla.*, No. 8:20-cv-1665, 2021 WL 3725243, at *1 (M.D. Fla. Aug. 3, 2021) (quoting *McQueary v. Child Support Enforcement*, 812 F. App'x 911, 914 (11th Cir. 2020)).

## III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 92) be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of August 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE